Rosenow and another, Respondents, vs. Gardner, Appellant.

*March 28 — April 12, 1898.*

Res adjudicata: *Certificate on appeal.*

Plaintiffs began an action to recover a board bill while having in their possession some personal effects of the defendant, upon which they were entitled to a lien for such bill. Defendant replevied such effects. Plaintiffs recovered judgment in the replevin case by virtue of their lien. Such judgment was subsequently pleaded, in the action to recover the amount of the board bill, as a bar to further prosecution of that action. Plaintiffs recovered judgment nevertheless. The trial court then certified that whether the judgment in the replevin case was a bar to the prosecution of the first action was a legal question of such doubt and difficulty as to require the decision of the supreme court. *Held,* that the rule of the conclusiveness of a former adjudication has no application to the facts as against the plaintiffs. No question was decided in the first case that affected the right of plaintiffs to recover the board bill. And, further, that in making a certificate to enable a party to appeal to this court from a judgment of less than $100 exclusive of costs, the law contemplates that the trial judge shall act judicially and with some degree of discretion, and not in a mere perfunctory way to sign a certificate to enable a party to appeal where no disputable question of law is involved.

[Syllabus by Marshall, J.]

APPEAL from a judgment of the county court of Fond du Lac county: A. E. Richter, Judge. *Affirmed.*

The amount involved being under $100, the case comes to this court on a certificate of the trial judge. The facts certified are that plaintiffs commenced an action against the defendant in justice's court, to recover the amount due on a board bill incurred at plaintiffs' hotel. Defendant appeared in the action and answered. Subsequently defendant commenced an action of replevin against plaintiffs to recover possession of certain personal property held by them under a claim of lien to secure the board bill. Plaintiffs appeared in that action and recovered on their lien claim, the

court holding that they were entitled to the possession of the property by virtue of such lien. Judgment was entered accordingly. Thereafter plaintiffs proceeded to judgment against the defendant, for the board bill, in justice's court. Defendant appealed from such judgment to the county court, and there amended his answer, setting up the judgment in the replevin case as a bar to further proceedings in the action to recover the amount due on the board bill. Judgment was rendered for the plaintiffs. The question of law for decision, as stated by the trial court, is, Does the judgment in the replevin case constitute a bar to plaintiffs' proceeding in this action to recover the amount due on the board bill? The defendant appealed.

The cause was submitted for the appellant on the brief of *E. Blewett,* and for the respondents on that of *Giffin & Sutherland.*

Counsel for the appellant contended, among other things, that the finding of the amount due the defendants and judgment therefor in the replevin action·was a bar to the action for the debt. Black, Judgments, §§ 504, 671; *Emmons v. Dowe,* 2 Wis. 356; *Pierce v. Kneeland,* 9 id. 23; *Kalisch v. Kalisch,* id. 529; *Ellis v. N. P. R. Co.* 80 id. 459; *Mo. Pac. R. Co. v. Levy,* 17 Mo. App. 501. A return of the property under a judgment in replevin is a satisfaction of the judgment. *Morrison v. Austin,* 14 Wis. 604, 605; *Irvin v. Smith,* 66 id. 113.

MARSHALL, J. The question of law submitted, we decide and answer in the negative. The rule that a judgment in an action in a court of competent jurisdiction, as to the case involved, is conclusive between the parties to it in that and all courts, as to all questions that were or might have been litigated and decided, where they subsequently arise on the same cause of action, and is conclusive respecting all questions actually litigated and decided when they subsequently

Rosenow and another vs. Gardner.

arise in another cause of action between the same parties, is what the appellant invokes, and cites fifty-three authorities to support, but wherein it applies to the facts of this case, certified to by the trial court, is not pointed out nor is it discoverable. The questions in this case involved only the right to recover for the board bill, and the amount of it. Such questions were not decided adversely to plaintiffs in the replevin case, but in their favor, though the recovery of the debt could not be had in the tort action. Instead of the judgment being a bar to plaintiffs' proceeding to recover in this action, it determined the facts requisite to such recovery in their favor.

The question submitted is too simple to require discussion. We can but assume that the trial court made the certificate, upon which the appeal is based, without that attention and regard for the nature of the proceeding which the law contemplates shall be bestowed on the subject. The legislative intent, voiced by the statute, clearly is that, in stating questions of law for decision in such cases, the trial judge shall exercise sound judgment, and not sign a certificate, certifying that a doubtful question of law exists, requiring a submission of it to the supreme court, and thereby start a case on its way to this court, when only the plainest principles of law are involved, not open to serious controversy among professional men. To do that falls short of judicial duty under, and defeats, the law wisely enacted to prevent appeals in cases involving trifling amounts, and no disputable questions of law.

*By the Court.*—The question of law certified is answered in the negative, and the judgment is accordingly affirmed.